UNITED STATES for the Use of K. R. SWERDFEGER CONSTRUCTION INC., a Colorado Corporation

v.

ALVARADO–HOWARD, a joint venture, Robert L. Alvarado Construction Inc., Robert L. Alvarado, personally, Howard Electric Co., Jack Howard, personally, and the Travelers Indemnity Co., a Connecticut Corporation, being sued jointly and severally.

Civ. A. No. 77–K–1090.

United States District Court,
D. Colorado.

July 6, 1978.

Jerome S. Malman, Denver, Colo., for plaintiff.

Albert B. Wolf, Meer, Wolf & Slatkin, Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

The complaint in this action was filed on November 30, 1977 and was placed in issue by the filing of an answer on December 23, 1977. On January 10, 1978 the court issued its order setting the cause for a pre-trial conference on March 3, 1978. On February 22, 1978 the defendants filed an amended answer, a pre-trial statement and a motion to abate proceedings. On February 28, 1978 the plaintiff filed its pre-trial statement and a brief in opposition to the motion to abate.

At the pre-trial conference on March 3 the motion to abate was denied. In what wistfully appeared to be rather simplistic directions the parties with their concurrence were ordered to complete discovery by May 1, 1978 and to submit a stipulated pre-trial order by June 1, 1978. Unlike counsel in virtually all other cases subject to the same kind of direction, counsel are unable to comply.

On April 11, 1978 defendants' motion to amend the answer was granted. By stipulation and order the parties were permitted to extend discovery to June 1, 1978 and to delay filing the extended pre-trial order until June 10, 1978. The previously set trial dates of August 21, 1978 and November 20, 1978 remained.

The expectation of receiving the proposed pre-trial order within the extended time remained unsatisfied and on June 26, 1978 a show cause order was issued directing the plaintiff to show cause why the action should not be dismissed for failure to comply with the court's prior orders.

On July 3, 1978 the court received a response to the order to show cause, but the precatory pre-trial order was not submitted. Instead, the court is advised that the order has not been submitted because defense counsel refuses to travel to plaintiff's counsel's office and plaintiff's counsel refuses to travel to defendants' counsel's office. [The distance between these two facilities is less than two miles.] Even though it is generally assumed that plaintiffs wish to have cases heard and defendants aren't in any hurry to try their cases, the plaintiff in the instant case requests the court to order defense counsel to travel to plaintiff's counsel's office in order to resolve differences relating to the pre-trial order.

This the court declines to do for a number of reasons:

First, the court does not operate perambulator service.

Second, if the parties can't cooperate in effectuating an expeditious processing of their litigation, there is no reason why the court should exert itself in that regard.

Third, with four judges this court received 1,223 new civil case filings during the 1977 statistical year and has a pending civil docket of 1,457 cases. The instant judge began in January 1978 with a docket of 272 cases and, despite closing an average of 25 cases per month, has, because of the increase in new filings, a present civil docket of 285 cases.

In view of the foregoing IT IS ORDERED that the trial dates of August 21, 1978 and November 20, 1978 are vacated. That time will be used to try another case presently at issue which has a pre-trial order. The instant case will be set for trial, if at all, only when a pre-trial order is submitted. In the event the parties are unable to complete this momentous task [which merely requires the parties to set forth with particularity those issues of fact and law which are not contested and those which are] the plaintiff shall file a proposed pre-trial order and the defendant, within ten (10) days thereafter shall file objections thereto. After the court rules on those objections and plaintiff submits the pre-trial order based on the rulings, the court will reset the matter for trial at a time which does not affect other cases already set.